**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JOHN RAY VELLA, | Case No. 2:15-cv-01560-APG-GWF |
| Plaintiff, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION AND REMANDING TO THE SOCIAL SECURITY ADMINISTRATION** |
| CAROLYN W. COLVIN, | |
| Defendant. | (ECF Nos. 12, 17, 18) |

Magistrate Judge Foley issued a Report and Recommendation (ECF No. 19) recommending I grant plaintiff John Vella's motion to remand and deny defendant Carolyn Colvin's motion to affirm. Defendant objected to Judge Foley's Report and Recommendation. ECF No. 20.

I may reverse a denial of benefits "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks omitted). "If the evidence can reasonably support either affirming or reversing a decision, [I] may not substitute [my] judgment for that of the Commissioner. *Id.* However, I "consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* (quotation omitted). I "may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* (quotation omitted).

The Social Security Administration "favors the opinion of a treating physician over non-treating physicians." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) (citing 20 C.F.R. § 404.1527). "If a treating physician's opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial

1  evidence in [the] case record, [it will be given] controlling weight.'" *Id.* (quoting 20 C.F.R.
2  § 404.1527(c)(2)). If the ALJ does not give a treating physician's opinion "controlling weight,"
3  either because it is not well-supported or because it is inconsistent with other substantial evidence
4  in the record, then the ALJ considers various factors to determine the weight to give that opinion,
5  including the "[l]ength of the treatment relationship and the frequency of examination," the
6  "nature and extent of the treatment relationship," the support for the opinion, the consistency
7  between the opinion and the record as a whole, and any other relevant factors bearing on a
8  particular case. *Id.* § 404.1527(c)(2)(i)-(ii) & (c)(3)-(6). Thus, even if not given controlling
9  weight a treating physician's opinions "are still entitled to deference and must be weighed using
10 all of the factors provided in 20 C.F.R. 404.1527." *Orn*, 495 F.3d at 631-32 (quoting Social
11 Security Ruling 96–2p at 4 (Cum. Ed. 1996)).

12 "Even if the treating doctor's opinion is contradicted by another doctor, the ALJ may not
13 reject this opinion without providing specific and legitimate reasons supported by substantial
14 evidence in the record." *Id.* at 632 (quotation omitted). "This can be done by setting out a
15 detailed and thorough summary of the facts and conflicting clinical evidence, stating his
16 interpretation thereof, and making findings." *Id.* (quotation omitted). To satisfy this requirement,
17 the ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are
18 correct." *Id.* (quotation omitted).

19 In her opinion denying benefits, the ALJ stated:

> a doctor's prescription of conservative treatment is found to be a sufficient reason for rejecting that opinion. In this case, relevant to the later period, conservative treatment including only low-doses of medication was all that was offered the claimant. If still in need of so many additional surgeries, as alleged by the claimant in hearing testimony, the record fails to documents those plans for pending neurosurgery. The claimant does not see a psychiatrist, has never seen a psychiatrist, and apparently no physician feels it is important for him to be under active medical management by a psychiatrist. Importantly, there are no urgent MRI or radiograph findings that show serious abnormality to support the subjective allegations.

26 ECF No. 11-1 at 35. The ALJ also noted that other tests showed Vella scored 29/30 on mini-
27 mental status performance and was able to orally compute "14 consecutive serial 7's without

making even one error." *Id.* The objective medical evidence showed no brain injury or disorder because his EEG and brain MRI were normal. *Id.* Finally, the ALJ commented that although Dr. Ross's notes indicate Vella had problems with temper and hostility, Dr. Ross stated Vella was "able to control these symptoms independently" and there was no other evidence of temper and hostility, such as criminal violations. *Id.* at 37.

The ALJ did not err by failing to give controlling weight to Dr. Ross's opinions regarding the severity of Vella's mental health problems because those opinions were inconsistent with other substantial evidence in the record, namely Dr. Perlotta's assessment and Dr. Mashhood's opinions, as well as a lack of objective medical support for any brain injury or disorder. However, the ALJ did not give specific and legitimate reasons supported by substantial evidence for rejecting Dr. Ross's opinions in light of the various factors the ALJ must consider to determine the weight to give that opinion. The ALJ's statement that Vella did not see Dr. Ross for a six-month period preceding his application for benefits was not supported by substantial evidence. As Magistrate Judge Foley stated, this was factually incorrect. Dr. Ross saw Vella multiple times from September 2011 to January 2012. ECF No. 11-2 at 504-14. The ALJ's consideration of the weight to give Dr. Ross's opinion based on factors such as length of the treatment relationship, the frequency of examination, or nature and extent of the treatment relationship between Vella and Dr. Ross was tainted by this factual inaccuracy. It also appears to have had a significant impact on the ALJ's credibility assessment. *See* ECF No. 11-1 at 27 ("On February 13, 2012, the claimant returned to Dr. Ross for the first time since September 30, 2011, and discussed his overall (*reportedly*) 'continuous' symptoms PTSD and memory disturbances." (emphasis in original)).

Additionally, the ALJ "did not explain why the lack of psychiatric examination or treatment was significant, given that Plaintiff was under the continuing and regular care of a licensed psychologist from September 2011 through June 2014." ECF No. 19 at 32. Both Dr. Mashhood and Dr. Ross recommended Vella see a psychiatrist. *See* ECF No. 11-2 at 254, 267, 494-95, 503, 508-09, 511. Dr. Mashhood thought a psychiatrist would not find any mental

disorder. ECF No. 11-2 at 267 (stating that he "suspect[s] that the psychiatric evaluation should be negative for any residual cognitive deficit and/or posttraumatic stress disorder").  But Dr. Ross repeatedly recommended Vella see a psychiatrist for prescription medication to manage the "ongoing severe symptoms he is experiencing." ECF No. 11-2 at 494; *see also id.* at 495, 503, 508-09, 511.[1]  The ALJ does not explain why bi-weekly psychological treatment is so conservative a treatment plan that it undermines Dr. Ross's opinion on the severity of Vella's condition, particularly where Dr. Ross recommended treatment by a psychiatrist to combine medication with the psychotherapy she was providing.

As Judge Foley noted, these errors were not harmless. *Id.* at 33.  But there is serious doubt in the record about whether Vella is in fact disabled. *Id.* at 34.  Thus a remand is appropriate.  The parties agree that on remand, the ALJ may review the entirety of Vella's claim. *See* ECF Nos. 20 at 5; 21 at 3.

IT IS THEREFORE ORDERED that the Report and Recommendation (**ECF No. 19**) **is accepted**.

IT IS FURTHER ORDERED that plaintiff John Vella's motion to remand (**ECF No. 12**) **is GRANTED**.

IT IS FURTHER ORDERED that defendant Carolyn W. Colvin's motion to affirm (**ECF No. 17**) **is DENIED.**

IT IS FURTHER ORDERED that this case is **REMANDED** to the Social Security Administration.

DATED this 6th day of October, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Vella apparently never saw a psychiatrist, and the ALJ is free to consider that fact on remand.